# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David J. Lewis, | Civ. No. 23-2746 (JWB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Warden Jared Rardin, Dr. Elaine York, and A. Herzog, *correctional officer*, | |
| Defendants. | |

David J. Lewis, Reg. No. 00651-046, FMC Rochester, PMB 4000, Rochester, MN 55903, pro se Plaintiff.

David W. Fuller, Esq., United States Attorney's Office, counsel for Defendants.

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge David T. Schultz dated May 29, 2025. (Doc. No. 38.) Plaintiff David J. Lewis has filed an objection to the recommendation that this Court dismiss his Complaint without prejudice. (Doc. No. 39.)

The Court reviews the objected-to portions of an R&R *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). However, when a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but

rather are reviewed for clear error"). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). As Plaintiff is pro se, his objections are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has reviewed Plaintiff's objections to the May 29, 2025 R&R. The objections do not identify any error of law or fact that warrant rejecting the R&R's recommendations. Instead, Plaintiff merely repeats his underlying claims. The closest Plaintiff comes to a specific objection is his statement that failure to exhaust under the Federal Tort Claims Act should not apply to his claims under the 1868 Fort Laramie Treaty. But the R&R rejected the treaty claims because they were inadequately pled.

Plaintiff's objection largely reflects the attempt he made by motion to re-frame his claims as violations of treaty rights, due process rights, and the Eighth Amendment. The R&R found that to be a futile effort to amend the Complaint because it did not add any new material to support the claims. (Doc. No. 38 at 12.) Adding factual allegations through an objection to an R&R is also procedurally improper. And even so, the few new details in Plaintiff's objections do not address the deficiencies that the R&R determined warrant dismissal without prejudice.

After carefully reviewing all other portions of the R&R not specifically objected to, the Court finds it neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff David J. Lewis's Objections to the May 29, 2025 Report and Recommendation (Doc. No. 39) are **OVERRULED**;

2. The May 29, 2025 Report and Recommendation (Doc. No. 38) is **ACCEPTED**;

3. Plaintiff's Motion to Proceed to Trial and Opposition to Notice of Substitution (Doc. No. 34) is **DENIED**;

4. Defendants' Motion to Dismiss (Doc. No. 24) is **GRANTED**; and

5. This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: July 11, 2025                           *s/ Jerry W. Blackwell*
                                              JERRY W. BLACKWELL
                                              United States District Judge